IN THE UNITED STATES DISTRICT COURT
FOR THE NORTHERN DISTRICT OF ILLINOIS
EASTERN DIVISION

CINCINNATI INSURANCE COMPANY,     )
                                   )   09 C 3354
        Plaintiffs/Counter-Defendants, )
                                   )
    v.                             )
                                   )
REALEN HOMES, L.P.                 )   Hon. Charles R. Norgle
                                   )
        Defendant.                 )

**OPINION AND ORDER**

Before the court is Defendant Latimer, Levay, Fyock LLC's ("Latimer") motion for partial summary judgment against Plaintiff Cincinnati Insurance Company ("Cincinnati"). For the following reasons, the motion is denied without prejudice.

**I. INTRODUCTION**

**A. Facts**[1]

This case involves an insurance company's disputed duty to defend a real estate developer in underlying litigation. In 2004, Mona Mustafa ("Mustafa") bought a $429,935 house from Realen Homes[2] ("Realen"). Realen had hired a subcontractor, Berger Excavating Contractors, Inc. ("Berger"), to grade and otherwise prepare the land

---

[1] The court takes the factual background from the parties' statements of uncontested material facts pursuant to Local Rule 56.1. Other sources are appropriately cited. Contested facts are so noted.

[2] The true nature of "Realen Homes"—whether a corporation, limited liability company, limited partnership, two of them, all three of them, or some other combination—is disputed. Further, at some point Realen sold its assets to Orleans Homes Builders ("Orleans"), an entity named in the litigation. For ease, the court refers to all of these various entities, whether real or imagined, collectively as "Realen," but otherwise avoids the bramble bush and takes no position on these issues.

including Mustafa's property for building. Berger had an insurance contract with Cincinnati. That contract allowed Berger to add Realen to the policy. Berger added Realen pursuant to the Cincinnati policy as an "additional insured." After moving into her home, Mustafa complained of several defects potentially resulting from grading and land preparation mistakes made by Berger. In 2008, Mustafa sued Realen. Realen in turn sued its subcontractor, Berger.

Latimer is a Chicago law firm that defended Realen. In 2010, while the litigation was pending, Realen filed for bankruptcy. Subsequently, Realen's bankruptcy estate assigned Latimer rights to any *duty to defend* by Cincinnati in the Mustafa litigation.[3] Similarly, Realen's bankruptcy estate assigned Mustafa rights to any *indemnity* by Cincinnati in the litigation. A bankruptcy stay was lifted to permit Cincinnati to strike a settlement agreement to resolve Mustafa's *indemnity* claim. The bankruptcy estate agreed to a consent judgment against it for $429,935 in favor of Mustafa, a sum which Cincinnati reportedly paid. The sole issue before the court is whether Cincinnati had a *duty to defend* Realen in the litigation, implicating both paid and unpaid defense fees and costs. Latimer seeks a declaration that Cincinnati breached a duty to defend. Latimer also seeks a prove-up.

**B. Procedural History**

Cincinnati initiated this diversity suit with a June 3, 2009 complaint for declaratory judgment, amending it February 26, 2011. The amended complaint asserts nine grounds for a declaration that Cincinnati has never had a duty to defend, indemnify, or reimburse Latimer, among others. On April 4, 2011, Latimer moved for partial summary judgment on the issue of whether Cincinnati had a duty to defend Realen in the

---

[3] Those rights were assigned December 8, 2011, to Barbara Andersen individually.

2

Mustafa litigation. Latimer claims a right to pre-bankruptcy interests involving fees and costs both paid and unpaid, as well as post-bankruptcy fees and costs. Cincinnati did not file a cross-motion. The court heard oral arguments on this and other motions in this case on September 16, 2011, taking this motion under advisement. Relevant here, the court denied a motion to strike a lawyer's declaration supporting a Local Rule 56.1 response statement filed on behalf of Cincinnati where the lawyer was the same one representing Cincinnati at oral arguments. The lawyer conceded the declaration was largely surplusage. Although the court did not strike the declaration, it stated it would "give the declaration appropriate weight" when deciding this motion. Latimer's motion is fully briefed. The parties agree that Illinois law applies.

## II. DISCUSSION

### A. Standards of Decision

#### *1. Summary Judgment*

"The court shall grant summary judgment if the movant shows that there is no genuine dispute as to any material fact and the movant is entitled to judgment as a matter of law." Fed. R. Civ. P. 56(a); Hunter v. Amin, 583 F.3d 486, 489 (7th Cir. 2009). The court views the record and draws all reasonable inferences in the light most favorable to the nonmoving party. Zerante v. DeLuca, 555 F.3d 582, 584 (7th Cir. 2009); Hemsworth, II v. Quotesmith.com, Inc., 476 F.3d 487, 490 n.1 (7th Cir. 2007). The court does not "make credibility determinations, weigh the evidence, or decide which inferences to draw from facts." Payne v. Pauley, 337 F.3d 767, 770 (7th Cir. 2003) (citation omitted). To survive a motion for summary judgment, the nonmoving party must identify "with reasonable particularity the evidence" in the record that shows a

3

genuine triable issue of material fact. Hemsworth, II, 476 F.3d at 490; Murphy v. ITT Technical Servs., Inc., 176 F.3d 934, 936 (7th Cir. 1999); Cornfield v. Consol. High Sch. Dist. No. 230, 991 F.2d 1316, 1320 (7th Cir. 1993). The movant will prevail where the record as a whole demonstrates that "a rational trier of fact could not find for the non-moving party." Turner v. J.V.D.B. & Assocs., Inc., 330 F.3d 991, 994 (7th Cir. 2003).

Rights under insurance contracts may often be resolved on summary judgment because they ordinarily involve questions of law. See Santa's Best Craft, LLC v. St. Paul Fire & Marine Ins. Co., 611 F.3d 339, 345-46 (7th Cir. 2010); Am. Econ. Ins. Co. v. DePaul Univ., 890 N.E.2d 582, 587 (Ill. App. Ct. 2008). Cases involving contract interpretation are "particularly suited to disposition by summary judgment." United States v. 4500 Audek Model No. 5601 AM/FM Clock Radios, 220 F.3d 539, 543 (7th Cir. 2000). Of course, facts may be disputed. In deciding whether genuine issues of material fact exist, the reviewing court construes all facts and draws all reasonable inferences in favor of the non-moving party. See Koszola v. Bd. of Educ. of City of Chi., 385 F.3d 1104, 1108 (7th Cir. 2004).

### 2. *Duty to Defend*

To determine whether an insurer has a duty to defend, the Court must "compare the factual allegations of the underlying complaint . . . to the language of the insurance policy." Amerisure Mut. Ins. Co. v. Microplastics, Inc., 622 F.3d 806, 810 (7th Cir. 2010). "If the facts alleged in the underlying complaint fall within, or potentially within, the policy's coverage, the insurer's duty to defend arises." Id. (internal citation omitted); Crum & Forster Managers Corp. v. Resolution Trust Corp., 620 N.E.2d 1073, 1079 (Ill. 1993). The "burden of proving that a claim falls within an exclusion" to an insurance

policy falls on the insurer. Hurst-Rosche Eng'rs, Inc. v. Commercial Union Ins. Co., 51 F.3d 1336, 1342 (7th Cir. 1995). An insurer can decline to defend its insured only if, "from the face of the complaint, the allegations are clearly outside the bounds of the policy coverage." Nat'l Case Co. v. McFatridge, 604 F.3d 335, 338 (7th Cir. 2010). The Court construes the complaint's allegations liberally in favor of the insured. Gen. Agents Ins. Co. of Am. v. Midwest Sporting Goods Co., 828 N.E.2d 1092, 1098 (Ill. 2005). However, "an insurer has no duty to defend unless the underlying claim contains *explicit* factual allegations that potentially fall within policy coverage." Amerisure Mut. Ins. Co., 622 F.3d at 810 (emphasis added). A court "is not permitted simply to speculate about possible factual allegations that are absent from the claim itself." Id. at 814.

According to the Illinois Supreme Court, a court's chief aim in constructing an insurance policy is giving effect to parties' intent as expressed in the policy terms. Valley Forge Ins. Co. v. Swiderski Elecs., Inc., 860 N.E.2d 307, 314 (Ill. 2006). The policy should be construed as a whole such that every provision serves a purpose. Id. Unambiguous policy language must be applied as written, using words' plain, ordinary meanings. Id. Ambiguous language is that which is susceptible to multiple interpretations, and ambiguities are construed against the drafter. Id. Ambiguity does not, however, arise merely because parties suggest creative interpretive possibilities. Id.

**B. Latimer's Motion for Partial Summary Judgment**

Instead of proceeding to the merits of the motion, the court observes at the outset that the Local Rule 56.1 statement has structural deficiencies, particularly because citations and exhibits appear mislabeled. Further, what appear to be typographical errors lend even more confusion. Latimer's Local Rule 56.1 statement asserts that

5

> [T]he Third Amended Complaint sought relief against Berger pursuant to an express indemnity claim contained in Berger's written subcontractor agreement (hereinafter and in the memorandum the "Berger Agreement") relative to [the underlying homeowner's property]. (See Exhibit D.)

Defendants' Local Rule 56.1 Statement of Facts in Supp. of Its Partial Mot. for Summ. J. 12, ¶ 27 [hereinafter Latimer's Rule 56.1 Statement].

The problem is that the citation to "Exhibit D" corresponds in the record to the underlying state court Answer to Amended Complaint, Affirmative Defenses, and Counterclaims ("underlying Answer"). Exhibit D is *not* a "Third Amended Complaint." The previous paragraph in Latimer's Local Rule 56.1 statement mentions a "Third *Party* Complaint" as opposed to a "Third *Amended* Complaint" (emphases added). Latimer's Local Rule 56.1 Statement 12, ¶ 26. The term "Third Party Complaint" may refer to the counterclaims in the underlying Answer, and it could be what Latimer intended in paragraph twenty-seven instead of "Third Amended Complaint." On the other hand, the exhibit and pleading may both be mislabeled, the latter only slightly. Attached to Latimer's Local Rule 56.1 Statement is an Exhibit M, which is the underlying state court Amended Third Party Complaint, to which "Third Amended Complaint" in paragraph twenty-seven could instead refer. But in none of these citations to the record does Latimer provide page or paragraph numbers. The court is left guessing. And the error is—apparently—repeated in the next paragraph of Latimer's Local Rule 56.1 Statement. Id. 12, ¶ 28 ("Count II of the *Third Amended Complaint* sought relief against Berger pursuant to an implied indemnity claim. (See Exhibit D.)" (emphasis added)).

In its response brief, Cincinnati asserts that Latimer's Local Rule 56.1 Statement fails to comply with the local rule. Cincinnati's Resp. to Latimer's Mot. for Partial Summ. J. 1 ("Latimer's summary judgment motion was accompanied by a purported

6

Local Rule 56.1 Statement. That statement substantially fails to comply with the rule. In particular, it … lacks specific citation to documents purportedly supporting fact statements."). It is noteworthy that Cincinnati adds that it "has, nevertheless, poured through the exhibits to Latimer's statement and responded as best it can." Id. at 2. The court has no such obligation. It is "not the district court's job to sift through the record and make [a party's] case for [it]." United States v. 5443 Suffield Terrace, Skokie, Ill., 607 F.3d 504, 510 (7th Cir. 2010); see also DeSilva v. DiLeonardi, 181 F.3d 865, 867 (7th Cir. 1999) (courts will not "play archeologist with the record"); United States v. Dunkel, 927 F.2d 955, 956 (7th Cir. 1991) ("Judges are not like pigs, hunting for truffles buried in briefs.").

The court is entitled to expect strict compliance with Local Rule 56.1. Keeton v. Morningstar, 667 F.3d 877, 883-84 (7th Cir. 2012); see also Ammons v. Aramark Uniform Servs., Inc., 368 F.3d 809, 817 (7th Cir. 2004); Bordelon v. Chi. Sch. Reform Bd. of Trs., 233 F.3d 524, 527 (7th Cir. 2000). Indeed, "[s]ubstantial compliance is not strict compliance." Ammons, 368 F.3d at 817. The local rule governing summary judgment motions requires a statement of material facts that

> shall consist of short numbered paragraphs, including within each paragraph specific references to the affidavits, parts of the record, and other supporting materials relied upon to support the facts set forth in that paragraph. Failure to submit such a statement constitutes grounds for denial of the motion.

N. Dist. of Ill. Local Rule 56.1(a)(3); see also Malec v. Sanford, 191 F.R.D. 581, 583 (N.D. Ill. 2000) (discussing the local rule in detail). District courts may sua sponte enforce Local Rule 56.1. See Courtney v. Chi. Police Dep't, No. 10 C 2782, 2011 WL 1118874, at *2 (N.D. Ill. Mar. 24, 2011) (citing Waldridge v. Am. Hoeschst Corp., 24

F.3d 918, 923-24 (7th Cir. 1994)). First, Latimer's Local Rule 56.1 Statement fails to provide sufficiently specific references in its citations to the record. Second, the statement itself suffers from typographical errors that obscure the argument and the record. This scenario illustrates well the purpose of the rule, which is an exercise not in legal formalism but in practicality. Had Latimer provided more specific references to the record, such as page or paragraph numbers, it is plausible the court could have overcome the typographical errors in order to reach the merits. But this is not the case. The court declines to speculate on the intended meaning of a facially defective filing.

### III. CONCLUSION

The balance of Latimer's statement may well comply with Local Rule 56.1. But the referenced typographical errors, citation errors, mislabeling of exhibits—or some combination of these—precludes the court from reaching the merits of the motion. The court is well within its discretion to deny Latimer's motion for partial summary judgment for its failure to comply with Local Rule 56.1. Should it choose to refile, Latimer is admonished to review Local Rule 56.1 as well as Malec v. Sanford, 191 F.R.D. 581.

IT IS SO ORDERED.

ENTER:

_____
CHARLES RONALD NORGLE, Judge
United States District Court

DATED: